HOYE *vs.* BREWER AND TROUP.—*June*, 1831.

According to the principles of equitable jurisprudence, the personal estate is the natural fund for the payment of debts and legacies, and generally speaking, is first to be exhausted, before resort can be had to real property.

Where a testator charges both his real and personal estate with the payment of debts and legacies, and a purchaser of the real estate desires to have his bonds given for the purchase money, applied to release his purchase from the charge in the will, it should regularly appear upon the face of his bill, that the whole personalty had been applied towards the payment of debts and legacies. That must appear before a Court of Equity could decree the land to be liable for such purpose, and ought to be expressly averred.

That averment is so essential, that where it ought to have been made, and was not, although it was stated in the decree passed by the County Court, that the solicitors of the defendants admitted the whole of the personal estate to have been applied towards the payment of debts and legacies, yet as a party must always obtain redress according to his allegations and proofs, the appellate court reversed the decree containing that statement, but without prejudice.

APPEAL from the Equity side of *Washington* County Court.

The bill which was filed in this case by the appellees, *John Brewer* and *Adam Troup*, against the appellant,

*John Hoye, Jacob Fiery*, and others, on the 23d day of January, 1829, stated that *Henry Fiery* died seized of a large and valuable real estate, which he devised to his three sons, *Henry, Joseph* and *Jacob*, to the last of whom he devised a tract of land lying in *Franklin* county, *Pennsylvania*. That he bequeathed to his three daughters, *Mary, Catharine*, and *Susanna*, the sum of £3000 each, to be paid to them, as they respectively attained the age of eighteen years, by his said three sons, whom he appointed his executors; that he charged his real and personal estate with the payment of his debts and legacies. The bill further states, that *John Brewer*, one of the complainants, in the year 1819, entered into articles of agreement with *Jacob Fiery*, one of the devisees, for the purchase of the tract of land devised to him, lying in *Franklin* county aforesaid, and paid a considerable part of the purchase money, and gave his bonds, with *Adam Troup*, the other complainant, as his security, for the payment of the balance of the purchase money. That the said *Jacob Fiery*, on or about the 17th Nov. 1820, assigned the said bonds to a certain *John Hoye* and *Ann Hoye*, who is since dead, having made the said *John Hoye*, her executor. The bill further states, that the complainant *Brewer*, had paid all the said bonds to the said *John Hoye*, except the two last, upon which suits have been instituted in *Washington* County Court, by *Hoye* against him the said *Brewer*. The bill further states, that the legacies bequeathed to two of the daughters have been paid; that the one bequeathed to his daughter *Susanna* had not been paid, and still remained a charge upon the land bought by him of said *Jacob Fiery*, in virtue of the provisions of his father's will. The said complainant, *John Brewer*, further states, that he has reason to believe that the bonds remaining due to said *Hoye*, upon which suits had been brought, would not be more than sufficient to extinguish the liability of the land purchased by him, to satisfy the legacy to *Susanna*, charged upon it. The bill further states, that at the time *Brewer* executed his bonds to *Fiery*, he did not know of the incumbrances upon

the land bought by him, nor did he know of the same at the time of the assignment of his bonds to *Hoye*, or at the time he paid the several sums of money to him; that since the discovery of the said incumbrance, he has paid nothing, by reason of said assignments; that at the time he executed his bonds, he did not know that his bonds were to be assigned to *Hoye*, or to any other person. The object of the bill is then stated to be, to ascertain, whether the balance of the purchase money due by him, ought to be applied in the first instance, to satisfy the legacy due to the said *Susanna*, and if it should be so determined, that the bonds should be delivered up to *Henry Angle*, with whom the said *Susanna* had intermarried, and he be authorized to receive the money due thereon, from said *Brewer*, and give acquittances therefor. The bill then prays for an injunction to stay proceedings on said suits, and for general relief. The deed from *Fiery* to *Brewer* bears date on the 20th November, 1820.

The answer of *John Hoye* to the said bill states, that in or about the year 1820, *Jacob Fiery*, one of the defendants, was indebted to him and *Ann Hoye*, since dead, in a considerable sum of money, and that he being pressed for payment at that time, by him the said *Hoye*, offered to assign to him and the said *Ann Hoye*, certain bonds which he was about to obtain from the complainant, *John Brewer;* that he agreed to receive the bonds as collateral security for the said debt, and on a day appointed for that purpose, accompanied the said *Jacob Fiery* to the house of the complainant, in order to take an assignment of the said bonds, as soon as they were executed. That *Brewer* expressed some apprehension, that if he executed the bonds, and they were assigned to him, *Hoye*, that he would press him for the payment of the money; that he assured *Brewer* he need not be under any uneasiness on that score; that all he wanted was to have his debt secured, and that he would not urge the payment for a considerable time, provided he would pay the interest punctually; that on receiving these assurances, *Brewer* appeared to be satisfied, and that the bonds were

executed by *Brewer*, and assigned by *Fiery* to him, *Hoye*. That in consideration of receiving said bonds, he stopped further proceedings against the said *Jacob Fiery*, and relied upon the said bonds to discharge the said debt, due from the said *Jacob* to him and the said *Ann*, &c.

In the will of *Henry Fiery* exhibited with the bill, there are the following clauses :

"To each of my three daughters, *Mary*, *Catharine*, and *Susanna*, I give a bed, and the sum of £3,000, to be paid by my executors hereinafter named, as the said girls may respectively attain the age of eighteen years." "I charge the lands devised to my three sons, (*Henry, Joseph*, and *Jacob*,) and all the personal property whereof I die possessed, which is not herein before specifically devised, with the payment of my just debts, legacies, and devises, herein before given and made."

The deed from *Jacob Fiery* to complainant, *Brewer*, also exhibited with the bill, bearing date November 20th, 1820, recites, "that whereas *Henry Fiery* did, by his last will and testament bequeath to his son *Jacob Fiery*," a certain tract of land, &c.

There were other defendants to the bill, but their answers are considered immaterial.

The case was referred to the auditor, for the purpose of ascertaining the amount due upon the legacy to *Susanna*.

Afterwards, the County Court [TH. BUCHANAN, A. J.] passed the following decree: The above cause coming on to be heard, and being submitted for final decision by the solicitors of the parties, and it appearing from the report of the auditor, made pursuant to the order of this court, that there is still due to *Susanna*, one of the daughters and legatees of *Henry Fiery*, deceased, the sum of $12,257, with interest upon $8,000, part thereof from the 15th day of June, 1829; and it appearing further from said report, and proceedings in this cause, and the same being admitted by the solicitors of the defendants in court, that the whole of the personal estate of the said testator, has been applied towards

the payments of the debts and legacies, and that the amount still due by *Jacob Fiery*, as one of the executors and devisees of the said testator, to the said *Susanna*, exceeds in amount the balance unpaid, on the bonds of the said *John Brewer*, to the said *Jacob Fiery*, and by him assigned to the said *John Hoye*. It is thereupon this third day of June, 1829, adjudged, &c. that the injunction heretofore granted, be made perpetual.

From this decree the defendant *Hoye*, appealed to the Court of Appeals.

The cause was argued before EARLE, MARTIN, STEPHEN, ARCHER, and DORSEY, J.

By *Anderson* and *Taney*, (Attorney General,) for the appellants. *Price* and *Yost*, for the appellees.

STEPHEN, J., delivered the opinion of the court.

After adverting to the facts alleged in the pleadings, he said, according to the principles of equitable jurisprudence, the personal estate is the natural fund for the payment of debts and legacies, and generally speaking, is first to be exhausted, before resort can be had to the real property. In the present case, the testator charges both his real and personal estate with the payment of his debts and legacies, and it should regularly appear upon the face of the pleadings, that the whole of the personalty had been applied, towards their extinguishment, before a court of equity could consistently, with established principles, decree the land to be liable for that purpose. The bill in this case does not expressly charge a deficiency of the personal fund; on the contrary, it only alleges that fact by a vague and doubtful implication, where it states, that he has "reason to believe that the bonds in suit as aforesaid, will not more than cover the liability of the said land." An averment so essential to the complainant's merits, ought to be expressly made, and not left to argumentative inference or construction. If the personal estate

was adequate to the payment of the legacies, no liability could ever attach upon the land purchased by the complainant, and of course there would be no ground for his application to a court of equity for relief; although therefore, it was admitted, as stated in the decree, that the personal assets were exhausted, yet, as in equity, a party must always obtain redress *secundum allegata et probata,* without deciding upon the other points, raised during the discussion; we think the decree of the court below must be reversed, but without prejudice.

DECREE REVERSED.